IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID W. WEHRS, SR., | ) | |
|     Petitioner, | ) | Civil Action No. 11-250 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed as moot.

**II.  REPORT**

    **A.  Background**

On October 24, 2011, Petitioner, who at the time was incarcerated at a satellite prison camp at the Federal Correctional Institution, McKean, filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He contended that he was entitled to nine months of placement in a Residential Re-Entry Center (an "RRC") under the Second Chance Act, and he challenged the Bureau of Prisons' decision that he be placed in an RRC for only six months.  [ECF No. 1.  See also ECF No. 7].

Respondent's Answer to the petition was due to be filed today, February 7, 2012.  Instead of filing an Answer, Respondent filed a Notice of Suggestion of Mootness [ECF No. 9], in which it was explained that Petitioner was placed in an RRC on January 25, 2012.

1

B. **Discussion**

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id., quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147, citing Spencer, 523 U.S. at 7.[1]

Because Petitioner was transferred to an RRC on January 25, 2012, there is no additional relief that this Court can provide. Petitioner no longer has the requisite "personal stake" in the outcome of the litigation. Id.; Spencer, 523 U.S. at 7. Accordingly, there is no case or controversy for this Court to consider, and the petition should be dismissed as moot.[2]

---

[1] When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. See, e.g., Spencer, 523 U.S. at 7-8, quoting Lewis, 464 U.S. at 477; Burkey, 556 F.3d at 147-51. Courts often will presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. Id. However, in cases such as the instant case, where a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedies by the court in order to avoid having his case dismissed on mootness grounds. Id.; Burkey, 556 F.3d at 148 ("Where…the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.").

[2] Section 102 of the Antiterrorism and Effective Death Penalty Act, as codified at 28 U.S.C. § 2253, set forth standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

2

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas Corpus be dismissed as moot.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: February 7, 2012      /s/ Susan Paradise Baxter
                             SUSAN PARADISE BAXTER
                             United States Magistrate Judge

cc:   The Honorable Sean J. McLaughlin
      United States District Judge